UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                    No. 99-4061

WILLIAM EUGENE YOUNG, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Samuel G. Wilson, Chief District Judge.
(CR-98-5-R)

Submitted: August 19, 1999

Decided: September 2, 1999

Before WIDENER and KING, Circuit Judges,
and PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas E. Wray, Salem, Virginia, for Appellant. Robert P. Crouch,
Jr., United States Attorney, Sharon Burnham, Assistant United States
Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

William Eugene Young, Jr., pled guilty to two counts of possession of a stolen vehicle that crossed state lines, see 18 U.S.C. § 2313 (1994), and received a sentence of fifty-one months imprisonment. In sentencing Young, the district court departed upward pursuant to U.S. Sentencing Guidelines Manual § 4A1.3, p.s. (1998). Young appeals his sentence, alleging that the district court abused its discretion in departing upward. We affirm.

Young failed to appear for his originally scheduled sentencing hearing. When he was apprehended four months later, Young was in possession of sixty-five counterfeit $20 bills. Young said he had stolen the counterfeit money from a vehicle in a used car lot. When Young was eventually sentenced, the district court followed the probation officer's suggestion to consider an upward departure pursuant to § 4A1.3 because of the serious nature of the convictions underlying a number of uncounted sentences. Young had accumulated seventeen criminal history points, twelve of which were counted under USSG § 4A1.1(c). Because a maximum of four points may be counted under subsection (c), Young's total, including points added under subsections (d) and (e), was twelve criminal history points. This score placed him in criminal history category V. With an offense level of thirteen, his guideline range was 30-37 months.

At the sentencing hearing, the district court decided that a departure was justified. The court found that six of the uncounted sentences were for offenses involving assaults, verbal threats, or brandishing a firearm, while two more were for felonious fraudulent conduct. The court structured the departure by considering the eight uncounted criminal history points. The court also decided that Young's conduct while a fugitive was worthy of another three criminal history points. The court determined that Young had an effective criminal history score of twenty points. Finding that thirteen points would place Young in category VI, and that a departure to offense level fourteen would be inadequate, the court increased Young's offense level to fifteen to account for the additional criminal history points. See United States v. Cash, 983 F.2d 558, 561 n.6 (4th Cir. 1992) (approving

2

depature above category VI by increase in offense level). The new guideline range was 41-51 months. The court imposed a sentence of 51 months. We review the district court's decision to depart for abuse of discretion. See Koon v. United States, 518 U.S. 81, 100 (1996); United States v. Rybicki, 96 F.3d 754, 756-57 (4th Cir. 1996).

On appeal, Young argues that his criminal conduct was adequately accounted for principally because his failure to appear resulted in an increase for obstruction of justice and a lost opportunity for a reduction based on acceptance of responsibility. However, neither factor addressed the seriousness of his past criminal conduct. Young also argues that the court erred in considering old convictions in deciding to depart. In fact, all the sentences counted in Young's criminal history or considered for departure purposes were imposed less than ten years prior to Young's commencement of the instant offense. None were beyond the time period. See USSG § 4A1.1(c), comment. (n.3); USSG § 4A1.2(e)(2). On this record, we find that the district court did not abuse its discretion in departing upward by two levels.

We therefore affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3